UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

PARRIS GUITE; PAMELA GUITE; NASSAU
POOLS CONSTRUCTION OF CHARLOTTE
COUNTY, LLC,

                Plaintiffs,

vs.                     Case No. 2:07-cv-736-FtM-29SPC

CITY OF PUNTA GORDA,

                Defendant.
_____

**OPINION AND ORDER**

     This matter comes before the Court on defendant's Motion for Summary Judgment (Doc. #36) filed on January 21, 2009. Plaintiffs filed a Memorandum of Law in Opposition (Doc. #42) on February 10, 2009. For the reasons set forth below, the motion is denied.

**I.**

Summary judgment is appropriate only when the Court is satisfied that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). An issue is "genuine" if there is sufficient evidence such that a reasonable jury could return a verdict for either party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is "material" if it may affect the outcome of the suit under governing law. Id. The moving party bears the burden of identifying those portions of the pleadings, depositions, answers to interrogatories, admissions, and/or

affidavits which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Hickson Corp. v. N. Crossarm Co., 357 F.3d 1256, 1259-60 (11th Cir. 2004).

To avoid the entry of summary judgment, a party faced with a properly supported summary judgment motion must come forward with extrinsic evidence, i.e., affidavits, depositions, answers to interrogatories, and/or admissions, which are sufficient to establish the existence of the essential elements to that party's case, and the elements on which that party will bear the burden of proof at trial. Celotex Corp., 477 U.S. at 322; Hilburn v. Murata Elecs. N. Am., Inc., 181 F.3d 1220, 1225 (11th Cir. 1999). If there is a conflict in the evidence, the non-moving party's evidence is to be believed and all reasonable inferences must be drawn in favor of the non-moving party. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003).

**II.**

Parris and Pamela Guite (the Guites) were part owners of Nassau Pools Construction of Charlotte County, LLC (Nassau Pools), a company which constructed custom pools. As a result of Hurricane Charley in August, 2004, Nassau Pools suffered a severe setback and fell behind on the completion dates for the construction of pools for its customers. A complaint alleging unfinished work was filed by one of Nassau Pool's customers with the Building Board for the City of Punta Gorda (the Building Board). Nassau Pools was served

with notice to appear before the Building Board at its October 25, 2005, meeting. This meeting was cancelled, however, due to the approach of Hurricane Wilma.

The Building Board's meeting was rescheduled for November 9, 2005, but neither the Guites or Nassau Pools (collectively plaintiffs) received notice of the new date and therefore did not appear for the meeting. The Building Board proceeded in their absence, and was informed of six complaints against Nassau Pools. At the conclusion of the hearing the Building Board voted 5-1 to fine Nassau Pools $30,000, and to revoke its contractors' license. This action received extensive local media coverage.

After the hearing, all of Nassau Pools' customers stopped making payments and came forward with complaints. Within several days, all 38 employees of Nassau Pools left the company. More complaints were filed with the City of Punta Gorda. At some point prior to December 27, 2005, Nassau Pools' permit privileges were revoked. Eventually, plaintiffs paid another contractor to finish the contracts, and Nassau Pools went out of business on December 7, 2005.

The next Building Board meeting was December 27, 2005, and plaintiffs received proper notice of the meeting. The City Attorney explained that before filing any charges against Nassau Pools, the Building Official was requesting that the Building Board

assist in the investigation by hearing testimony from individuals with complaints. The Building Official would then issue charges against Nassau Pools if appropriate, and these charges would be addressed at a future meeting. At this future meeting, evidence and testimony would be presented again, and Nassau Pools would then have an opportunity to cross examine the witnesses. The Building Official stated that any charges would be sent to Nassau Pools in writing and would be addressed at the next scheduled meeting. The Chairman of the Building Board confirmed that Nassau Pools' permit privileges had been revoked. The Building Board heard testimony from numerous persons concerning complaints against Nassau Pools. Counsel for Nassau Pools stated that they would follow the Building Board's procedures and respond to every individual complaint that the Building Officer levied against the company. The matter was then continued until the January 24, 2006, meeting.

At the January 24, 2006, meeting it was announced that the staff had agreed with Nassau Pools to address each complaint. At the February 28, 2006, meeting it was reported that 50% of the complaints had been resolved. The Building Board revisited the matter through the September 26, 2006, meeting, by which time the final complaint had been resolved. The Building Board considered the matter concluded. No sanctions by the Building Board were ever enforced against Nassau Pools.

**III.**

Plaintiffs filed a one count Complaint (Doc. #1) against the City of Punta Gorda (the City) pursuant to 42 U.S.C. § 1983 alleging a deprivation of their constitutional right to procedural due process under the Fourteenth Amendment to the United States Constitution. Plaintiffs assert that the City deprived them of Nassau Pools' reputation and goodwill, both protectable property interests under Florida law, by failing to notify them of the November 9, 2005, hearing and failing to provide them with a meaningful opportunity to be heard. This caused plaintiffs to "suffer destruction of the company's business reputation and loss of goodwill, damage to their reputation, embarrassment, humiliation, loss of earnings, and loss of the ability to enjoy life." (Doc. #1, ¶ 33.)

Defendant's summary judgment motion assumes that plaintiffs have established a due process violation of their property interests in the goodwill and reputation of Nassau Pools, but argues that the violation has been "cured" by subsequent conduct. The Court will make the same assumption, but observes that recovery for damages to goodwill and business reputation alone are not permitted under § 1983. "[D]amages to a plaintiff's business reputation are only recoverable in a section 1983 action if those damages were incurred as a result of government action significantly altering the plaintiff's constitutionally recognized legal rights." Cypress Ins. Co. v. Clark, 144 F.3d 1435, 1438 (11th Cir. 1998). See also

Schulze v. Broward County Bd. of County Comm'rs, 190 Fed. Appx. 772 (11th Cir. 2006)(deprivation of more tangible liberty or property right than business goodwill is required to state a cause of action); Von Stein v. Brescher, 904 F.2d 572, 582 (11th Cir. 1990)("defamation occurring other than in the course of dismissal from a job or in the termination or significant alteration of some other legal right or status" is not sufficient to support a § 1983 claim); Junior v. Reed, 693 So. 2d 586, 591 (Fla. 1st DCA 1997)(same). Thus, the Court will assume for purposes of the motion that defendant's conduct constituted a significant alteration of some other legal right or status.

While conceding a constitutional violation for purposes of the motion, the City argues that the violation was "cured" by the following subsequent conduct: (1) the duly noticed December 27, 2005 meeting; (2) the failure to officially levy or collect the fine imposed during the November 9, 2005, meeting; (3) the failure to deny Nassau Pools the ability to pull any permits; and (4) the failure to issue a formal order regarding the outcome of the November 9, 2005, meeting.

As a general matter, "[p]rocedural due process requires notice and an opportunity to be heard before any governmental deprivation of a property interest." Zipperer v. City of Fort Myers, 41 F.3d 619, 623 (11th Cir. 1995). Nevertheless, there are "some exceptions to the general rule requiring predeprivation notice and hearing, but only in extraordinary situations where some valid governmental

interest is at stake that justifies postponing the hearing until after the [seizure]." United States v. James Daniel Good Real Prop., 510 U.S. 43, 53 (1993). None of the subsequent conduct in this case cured the constitutional violation.

The December 27, 2005, meeting did not approach even the name-clearing type of hearing described in Campbell v. Pierce County, Ga., 741 F.2d 1342 (11th Cir. 1984), relied upon by the City. Rather, that meeting's express purpose was to assist the Building Officer investigate his case, and then if charges were brought plaintiffs would be given the opportunity to cross examine and be heard. As the City's Motion notes, the Building Board ratified its earlier decision at this meeting. (Doc. #36, pp. 8-9.) This did not cure anything.

Similarly, failing to proceed with the formalities of its sanctions did not constitute a cure. If anything, it stifled plaintiffs' ability to seek a cure. At the November 9, 2005, hearing, the City announced violations of the City Code, Section 7-13. That same section outlines the procedure for appeals:

> The Board Clerk is hereby directed to deliver a copy of the Board's Order by Certified Mail to the violator and to the complainant. Said Order shall include notice that any aggrieved party may seek review of the Board's Order by filing a direct appeal in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida, for a review of the record upon which the Order is based in accordance with the procedure and within the time provided in the Florida Rules of Appellate Procedure for the review of rulings of any local government.

Punta Gorda, Fla., Code § 7-13 (2005).  Had the City Building Board issued an order against plaintiffs, they would have been afforded the opportunity to appeal before state court and seek appropriate remedies.  In the absence of any Order to appeal, the remedy of review by the Circuit Court was not available to plaintiffs.  Rather than cure the constitutional violation, the conduct simply held the sanctions over plaintiffs' heads.

Accordingly, it is now hereby:

**ORDERED AND ADJUDGED:**

Defendant's Motion for Summary Judgment (Doc. #36) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___29th___ day of July, 2009.

*/s/ John E. Steele*
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record

-8-